<table>
<tr><td>
MICHAEL J. REDENBURG, ESQ. PC<br>
Michael Redenburg, Esq. (NY #MR4662)<br>
32 Broadway, Suite 412<br>
New York, NY 10004<br>
Telephone: (212) 240-9465<br>
Facsimile: (917) 591-1667
</td><td></td></tr>
</table>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

**RICKY FRANCIS,**

                        **Plaintiff,**

**v.**

**THE CITY OF NEW YORK, and NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES individually and in their official capacities,**

                        **Defendants.**

</td><td>

**Amended Complaint**

**JURY TRIAL DEMANDED**

**Civ. No.: 24-cv-1593 (LDH)(VMS)**

</td></tr>
</table>

## PRELIMINARY STATEMENT

1.   Plaintiff brings this civil rights action against the City of New York and NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4.  Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5.  Plaintiff Ricky Francis ("Plaintiff" or "Mr. Francis") is a resident of Kings County in the City and State of New York.

6.  Plaintiff Ricky Francis is a thirty-nine (39) year old African American man.

7.  The City of New York is a municipal corporation organized under the laws of the State of New York.

8.  Defendant NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES are members of the New York City Police Department ("NYPD") who were so employed on July 25, 2023. Defendant NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES are sued in their individual and official capacities.

2

## STATEMENT OF FACTS

9.  The Incident which is the subject of the instant Complaint took place on July 25, 2023 at approximately 5:00 p.m.

10. Plaintiff was returning from his employment where he is employed as a certified electrician and waiting on the station platform for the "*L-train*" at Broadway Junction train station platform.

11. Plaintiff was approached by three (3) plain-clothes NYPD officers, SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES who approached him and questioned him about a knife on his person.

12. In response to the officers' query, Plaintiff explained that he is an electrician, and he uses the knife for his electrical work.

13. Plaintiff was recording the unfolding events with his cell phone, when one of the NYPD Officers grabbed Plaintiff's phone from Plaintiff's hand and proceeded to handcuff Plaintiff extremely tightly, which was unnecessary given the circumstances.

14. Plaintiff was then taken to NYPD Transit District 33.

15. Once at NYPD Transit District 33, Plaintiff requested to go to the hospital because both of his wrists were in excruciating pain from the overly-tight handcuffing.

16. Plaintiff was then taken to Woodhull Hospital where x-rays were performed on Plaintiff's bilateral wrists.

17. Plaintiff was released from the hospital after approximately two (2) hours and then taken back to NYPD Transit District 33 where he was processed.

18. Subsequently, Plaintiff was transported to Brooklyn Central Booking to await arraignment.

19. Following an approximately twenty-one (21) hour detention, Plaintiff was arraigned on July 26, 2023 at approximately 2 p.m., when Plaintiff learned that the only "charge" levied against him was Disorderly Conduct, violating NY P.L. §240.20, a violation and not a crime, for which a citizen would normally be given a Desk Appearance Ticket, barring an open warrant or some other aggravating circumstance, not present here.

20. At arraignment, Plaintiff was offered an Adjournment in Contemplation of Dismissal, or ACD, which he Declined.

21. On August 22, 2023, Plaintiff returned to court and the matter was Dismissed and sealed, in furtherance of justice.

22. Plaintiff suffered and continues to suffer bilateral wrist numbness and radiating pain, which is especially problematic for Plaintiff because Plaintiff is a certified electrician and works with his hands to make a living and in furtherance of his trade.

23. Plaintiff has received medical treatment for the injuries, including tears, that he sustained at the hands of the NYPD Officers sued herein, and continues to suffer pain and discomfort in his bilateral wrists.

24. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care and treatment – all to his detriment.

## FIRST CLAIM
### *Unlawful Search and Seizure*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendant NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

28. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical

29. injury requiring medical care and treatment – all to his detriment.

## SECOND CLAIM
### *False Arrest*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendant NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES  violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause to believe that a crime had been committed or was about to be committed.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *Failure to Intervene*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendant NYPD Officers  SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

35. Accordingly, Defendant NYPD Officers  SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
#### *UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

37. Plaintiff  repeats and realleges each and every allegation as if fully set forth herein.

38. Defendant NYPD Officers SALVATORE BATTIMELLI, RANFIS FELIX and GREGORY CHARLES the Fourth and Fourteenth Amendments when they  physically assaulted Plaintiff, Ricky Francis, by handcuffing him so tightly as to cause nerve compression in his wrists, **resulting in tears revealed by MRIs**, requiring immediate medical attention, subsequent medical attention and the need for further medical treatment. This degree of force was unreasonable because it was not necessary at the time that he was so assaulted.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

### FIFTH CLAIM
#### *MONELL CLAIM*

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

42. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

43. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

44. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

45. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with

no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

46. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

47. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

48. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

49. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

50. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

51. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   a.  Compensatory damages against all defendants, jointly and severally;

   b.  Punitive damages in an amount to be determined by a jury;

   c.  Reasonable attorneys' fees and costs; and

   d.  Such other relief as this Court shall deem just and proper.

Dated: July 25, 2024
   New York, NY

**s/Michael J. Redenburg**

Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 412
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)